**NOT FOR PUBLICATION**

FILED

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIPE GOMEZ-ROSALES,<br><br>                    Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>                    Respondent. | No.    15-70459<br><br>Agency No. A093-485-379<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021[**]

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Felipe Gomez-Rosales, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

1.      Substantial evidence supports the agency's determination that Gomez-Rosales failed to establish extraordinary circumstances related to the delay in filing or materially changed circumstances affecting his eligibility for asylum that might excuse the untimeliness of his application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4), (5); *Sumolang v. Holder*, 723 F.3d 1080, 1082–83 (9th Cir. 2013) (reviewing for substantial evidence a changed-circumstances determination based on undisputed facts); *see also Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003) ("As a general rule, ignorance of the law is no excuse.").

2.      Substantial evidence also supports the agency's conclusion that Gomez-Rosales failed to establish that he would be persecuted on account of a protected ground. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly situated family members continue to live in the country without incident . . . ."), *superseded by statute on other grounds as stated in Ramadan v.*

---

[1]      Gomez-Rosales did not challenge the denial of his application for CAT protection before the BIA or this court.

2

*Gonzalez*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Gomez-Rosales's withholding of removal claim fails.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**